IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CRAIG STACKER, | ) | Bankruptcy Case No. 09-30988 |
| | ) | |
| Debtor. | ) | |
| | | |
| CRAIG STACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 09-3129 |
| | ) | |
| JC AUTO SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

These matters having come before the Court on a Complaint for Determination of Contempt, Sanctions and Injunctive Relief filed by Debtor/Plaintiff in the adversary proceeding, Objection to Amended Plan No. 1 filed by Creditor, JC Auto Sales, Inc., and Objection to Secured Claim filed by the Debtor in Debtor's Chapter 13 case file; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1.      On February 10, 2009, the Debtor purchased a 1999 Oldsmobile from Creditor, JC Auto Sales, Inc.  The Debtor made a $1,500 cash down payment and

agreed to pay the balance, including sales tax, license, and title fees, in 14 monthly installments of $233.07 thereafter. The $1,500 cash down payment represented 38% of the total purchase price.

2.  Although the written contract between the parties contemplated that the Debtor's first payment would be due before the end of February 2009, the Debtor misunderstood the contract and believed that his first payment was due on or before March 30, 2009.

3.  At trial, the Debtor testified that he attempted to make what he thought was his first payment on March 30, 2009, but that, when he arrived at the Creditor's place of business, he found that the Creditor had already closed for that day.

4.  As a result of what the Creditor, JC Auto Sales, Inc., considered to be the Debtor's default in two payments, the 1999 Oldsmobile was repossessed by the Creditor on March 31, 2009.

5.  On April 17, 2009, Debtor filed for relief under Chapter 13 of the Bankruptcy Code scheduling Creditor, JC Auto Sales, Inc., as a secured creditor. As a result of the Debtor's Chapter 13 filing, Debtor's attorney contacted Creditor, JC Auto Sales, Inc., requesting return of the vehicle. It was initially agreed between the parties that the vehicle would be returned upon payment of accrued repossession and storage charges. Debtor's attorney subsequently contacted Creditor, JC Auto Sales, Inc., indicating that the Debtor intended to pay the accrued repossession and storage fees through his Chapter 13 plan. As a result of this change, the Creditor refused to return the vehicle, resulting in the filing of the instant adversary proceeding by the Debtor on May 12, 2009.

6. In addition to the instant adversary proceeding, Creditor, JC Auto Sales, Inc., has filed an objection to the Debtor's Chapter 13 Plan and the Debtor has filed an objection to the secured claim of JC Auto Sales, Inc.

7. Creditor, JC Auto Sales, Inc., retained possession of the Debtor's vehicle until July 1, 2009, when it was advised by Debtor's counsel of the ruling of the Seventh Circuit Court of Appeals in <u>Thompson v. General Motors Acceptance Corp.</u>, 566 F.3d 699, which holds that a creditor who has lawfully repossessed collateral must, upon the filing of a Chapter 13 bankruptcy, give the collateral back to the Debtor, and that the failure to give the collateral back to the Debtor upon request by the Debtor is a violation of the automatic stay.

8. The Debtor's Chapter 13 Amended Plan filed on June 12, 2009, seeks to have Creditor, JC Auto Sales, Inc., paid in full as a secured creditor in the amount of $3,192, with interest at the rate of 4 1/2% over the life of the Debtor's 60 month plan. Creditor, JC Auto Sales, Inc., filed a secured claim in the total amount of $3,728, which includes accrued repossession and storage fees in the amount of $890. The Debtor has objected to the inclusion of any accrued repossession and storage fees, in addition to his request that JC Auto Sales, Inc. be sanctioned pursuant to 11 U.S.C. § 362(k) for its actions in withholding possession of the Debtor's 1999 Oldsmobile.

<u>Conclusions of Law</u>

Pursuant to 11 U.S.C. § 362(k)(1):

(k) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees,

> and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994); Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989). However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith. In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988). A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves. In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

While the Seventh Circuit's ruling in Thompson v. General Motors Acceptance Corp., supra, was not entered until May 27, 2009, after Debtor's Chapter 13 filing in this case, this Court concurs with the position taken by the Seventh Circuit. Thompson was certified for a direct appeal from the Bankruptcy Court for the Northern District of Illinois to the Seventh Circuit Court of Appeals in order to resolve conflicts between many Bankruptcy Courts within the Seventh Circuit and also those

in the Sixth, Eighth, Ninth, and Tenth Circuits.  See:  Thompson, supra, at 701. The Court of Appeals in Thompson chose to follow the Sixth, Eighth, and Ninth Circuits in finding that the act of passively holding onto an asset constitutes "exercising control" over it, and that such action violates § 362(a)(3) of the Bankruptcy Code.  See:  In re Sharon, 234 B.R. 676 (6th Cir. BAP 1999); In re Knaus, 889 F.2d 773 (8th Cir. 1989); and In re Abrams, 127 B.R. 239 (9th Cir. BAP 1991).  Application of this principle to the undisputed facts in this case clearly leads to a finding that the creditor herein has committed a willful violation of the automatic stay.

As punishment for the violation of the automatic stay, the Debtor requests a sanction in the amount of $500, together with an award of his attorney fees in the amount of $1,695.  In considering this request, the Court recognizes that the Debtor has, at this point, had no actual out-of-pocket expense; however, the Creditor, JC Auto Sales, Inc., seeks to require the Debtor to pay repossession and storage fees in the amount of $890, as a result of their willful violation of the automatic stay.  Given the lack of an actual out-of-pocket expense by the Debtor, the Court finds that an appropriate sanction in this case would be to require Creditor, JC Auto Sales, Inc., to bear the burden of the $890 repossession and storage fees on its own.  The vehicle has been returned to the Debtor, and the remaining issues between the parties as to the treatment of the claim secured by the vehicle can be dealt with through the Debtor's Chapter 13 Plan.

Having awarded the Debtor the $890 in repossession and storage fees as sanctions, it follows that the Debtor's Objection to Secured Claim of JC Auto Sales,

Inc. filed on September 4, 2009, should be allowed. The repossession and storage fees cannot be assessed as a part of the secured claim of JC Auto Sales, Inc. as they were accrued as a result of the Creditor's willful violation of the automatic stay and, thus, not chargeable against the Debtor.

Finally, the Court addresses the Objection to Amended Plan No. 1 filed by JC Auto Sales, Inc. In that Objection, the Creditor indicates that the Debtor filed before making his first payment on the agreement between the parties and that he should be required to pay the regular monthly payment and all repossession and storage charges in order to obtain a confirmed Chapter 13 plan. The issue in this matter is controlled by the hanging paragraph under 11 U.S.C. § 1325(a)(5), which states:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

The transaction in the instant matter occurred well within the 910 days as required under § 1325(a)(5).

As a result of the application of the 910 day rule to the facts of this case, the Court finds that the Debtor cannot modify the terms of the secured claim of JC Auto Sales, Inc. as he seeks to do in his Amended Chapter 13 Plan. See: In re Howard, 405 B.R. 901 (Bankr. N.D. Ill. 2009) and In re Whipple, Bankr. Case No. 09-80090, Bankruptcy Court, Central District of Illinois, 2009. As such, confirmation of Debtor's

first amended Chapter 13 plan must be denied with the Debtor having the opportunity to file a second amended Chapter 13 plan in compliance with 11 U.S.C. § 1325(a)(5).

ENTERED:   November   3  , 2009.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge